**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

IN RE: AFLIBERCEPT PATENT
LITIGATION                                          MDL No. 1:24-MD-3103

This Document Relates to:
Nos. 1:24-cv-39
     1:25-cv-74

**MEMORANDUM OPINION AND ORDER DENYING AMGEN'S MOTION FOR**
**SUGGESTION OF REMAND [ECF NO. 765]**

Pending before the Court is Defendant Amgen Inc.'s ("Amgen") Motion for Suggestion of Remand of the Actions Against Amgen to the Transferor Court (U.S. District Court for the Central District of California) ("Amgen's Motion") [ECF No. 765]. The Court convened for oral argument on May 27, 2026. ECF No. 865. The motion is fully briefed and ripe for decision. For the reasons set forth herein, the motion is **DENIED.**

### I.   BACKGROUND

On April 11, 2024, the United States Judicial Panel on Multidistrict Litigation ("JPML") consolidated six patent infringement actions concerning Regeneron's biologic Eylea into this multidistrict litigation ("MDL"). JPML Transfer Order (ECF No. 1). Only one of those actions had been filed outside of this district, *Regeneron Pharmaceuticals, Inc. v. Amgen, Inc.*, C.A. No. 2:24-cv-264 (C.D. Cal.). On July 17, 2025, the JPML consolidated and transferred another case between Regeneron and Amgen from the

**IN RE: AFLIBERCEPT PATENT LITIGATION**                    **1:24-MD-3103**

Central District of California ("C.D. Cal.") to this MDL. JPML Conditional Transfer Order (ECF No. 577).  All other actions in this MDL have since been settled.

Amgen now moves this Court to suggest that the JPML remand both actions to the C.D. Cal., where both actions will ultimately be tried, given the lack of other defendants, the nature of the issues yet to be addressed by this Court, and the fact that the C.D. Cal. is equally well-suited to address those issues. Amgen's Motion at 11-12.

## II.  LEGAL STANDARD

The JPML "will remand an action or actions prior to the completion of coordinated *or* consolidated pretrial proceedings only upon a showing of good cause. *In re South Central States Bakery Prods. Antitrust Litig.*, 462 F.Supp. 388, 390 (J.P.M.L. 1978). "Generally, the decision to remand turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 181 (3d Cir. 2021) (citing *In re Air Crash Disaster at Tenerife, Canary Islands on March 27, 1977*, 461 F. Supp. 671, 672-73)); *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. 2:18-MN-2873-RMG, 2025 WL 4072664, at *2 (D.S.C. June 24, 2025), *reconsideration denied*, No. 2:18-MN-2873-RMG, 2025 WL 4072671 (D.S.C. Oct. 14, 2025).

## III. DISCUSSION

IN RE: AFLIBERCEPT PATENT LITIGATION                     1:24-MD-3103

Amgen argues that "as a result [of the settlement of other cases] there is no longer a need for coordination."  *Id.* at 6. However, "coordinated" in this context does not imply contemporaneous defendants.  *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34, (1998) ("While it is certainly true that the instant case was not 'consolidated' with any other for the purpose literally of litigating identical issues on common evidence, it is fair to say that proceedings to resolve pretrial matters were 'coordinated' with the conduct of earlier cases sharing the common core of the Lincoln Savings debacle, if only by being brought before judges in a district where much of the evidence was to be found and overlapping issues had been considered.").

Moreover, many similarly situated district courts have denied this same argument.  *See In re Integrated Res., Inc.,* 1995 WL 234975, at *4-5 (S.D.N.Y. Apr. 21, 1995) ("[T]he mere fact that all other cases in a consolidated litigation have been terminated does not constitute 'good cause'. . . ."); *In re Maxim Integrated Prods., Inc.*, 2015 WL 1757779, at *3 (W.D. Pa. Apr. 17, 2015); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998) (holding that coordinated case need only share "common core" with earlier cases in multi-district litigation); *In re WellPoint, Inc.*, No. MDL092074PSGFFMX, 2015 WL 12744266, at *2 (C.D. Cal. Dec. 15, 2015) ("Even if the Court agreed that there

**IN RE: AFLIBERCEPT PATENT LITIGATION**                    **1:24-MD-3103**

were no common issues that warrant consolidation, it would still decline to suggest remand because it promotes efficiency to keep the New Jersey Action in the MDL. As Defendant points out, 'the Court has already examined in detail the core allegations, legal framework, and evidence that will be central to summary judgment' and has issued over 180 pages of substantive orders. [*See Hildes v. Arthur Andersen LLP*, No. 08-CV-0008 BEN RBB, 2014 WL 1571330, at *2 (S.D. Cal. Apr. 16, 2014)].").

Even if Amgen remained the sole defendant until the conclusion of pretrial proceedings, this would not affect this Court's familiarity with this case.  As another district court found:

> I think it is fair to conclude that I have a working familiarity with the facts, issues, and problems involved. While it would be easy on me, as well as for me, to transfer the cases back to their transferor districts on the completion of pretrial discovery, such transfers would be an abdication of responsibility on my part and would constitute, in this era of congested calendars and long delays of trials, an affront to the orderly and expeditious administration of justice.

*In re Multidistrict Civ. Actions Involving Air Crash Disaster Near Hanover, N. H., on Oct. 25, 1968*, 342 F. Supp. 907, 908 (D.N.H. 1971).

Second, Amgen argues that the remaining issues in this matter are complex and unfamiliar to this Court.  Amgen's Motion at 7-9. Specifically, Amgen argues that this Court has only directly addressed one of the six remaining patents in this case, and that this Court has not addressed Amgen's process of manufacturing the

**IN RE: AFLIBERCEPT PATENT LITIGATION**                    **1:24-MD-3103**

allegedly infringing product in this case, Pavblu.  *Id.*  Amgen also referred to antitrust and inequitable conduct issued which have since been stricken or dismissed from this case.  *Id.*

As at least one other district court has noted, "this situation is inherent in any MDL proceeding" and Amgen's argument could thus be made at any stage of any MDL and therefore cannot constitute good cause.  *Maxim*, 2015 WL 1757779, at *5.

Finally, Amgen argues that California would be a more just and efficient forum for the remainder of pretrial proceedings. Amgen's Motion at 9-11.  Like Amgen's argument regarding remaining issues, this argument works no better now than when this case was originally consolidated.  While the Central District of California is indeed an experienced patent forum, this Court cannot rely on this fact alone to abdicate its responsibility for this MDL and to ignore its own greater familiarity with the particular patents at issue.

### IV.  CONCLUSION

For the foregoing reasons, Amgen's Motion for Suggestion of Remand of the Actions Against Amgen to the Transferor Court [ECF No. 765] is **DENIED**.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Order to counsel of record.

**IN RE: AFLIBERCEPT PATENT LITIGATION**                    **1:24-MD-3103**

DATED: August 11, 2026

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA